AIR PURCHASES, INC. *vs.* MECHANICAL COORDINATORS CORP.

Suffolk.   December 12, 1985. — February 21, 1986.

Present: GREANEY, C.J., PERRETTA, & KASS, JJ.

*Practice, Civil,* Relief from judgment. *Judgment,* Relief from judgment. *Res Judicata.*

In an action seeking the appointment of a statutory receiver following the defendant corporation's failure to satisfy a judgment which the plaintiff had obtained in another court, the judge correctly concluded that the doctrine of issue preclusion required him to refrain from considering a defense and counterclaim presenting the same issues which, according to the record in the underlying action, had been resolved against the defendant on its motion under Mass.R.Civ.P. 60(b) for relief from the judgment, which it had not appealed. [634-636]

CIVIL ACTION commenced in the Superior Court Department on August 15, 1984.

The case was heard by *William G. Young,* J.

*Leo Sontag* for the defendant.

*Richard D. LeMay,* for the plaintiff, submitted a brief.

PERRETTA, J. On May 22, 1984, Mechanical Coordinators Corp. (Mechanical) brought a motion under Dist.Mun.Cts. R.Civ.P. 60(b),[1] seeking relief from a judgment and execution thereon obtained by Air Purchases, Inc. (Air Purchases), on March 11 and May 2, 1983, respectively. Mechanical's motion was heard on June 8, 1984, and taken under advisement. While a decision on that matter was pending, Air Purchases, on August 15, 1984, brought the present action in the Superior Court seeking the appointment of a statutory receiver for Mechanical because Mechanical had failed to satisfy the execution after appropriate demand by a duly authorized sheriff. On September 7, 1984, the District Court judge denied Mechanical's motion.

---

[1] That rule provides that Mass.R.Civ.P. 60, 365 Mass. 828 (1974), "governs procedure in the District Courts."

That same day, Mechanical answered Air Purchases' complaint in the Superior Court, asserting by way of defense and as a couterclaim that the District Court judgment should be vacated for those same reasons rejected by the District Court judge. Citing the "application of the rules of issue preclusion," the Superior Court judge dismissed Mechanical's counterclaim and appointed a statutory receiver. We affirm.

That part of rule 60(b), 365 Mass. 828-829 (1974), which is here pertinent provides: "On motion and upon such terms as are just, *the* court may relieve a party . . . from a final judgment, order, or proceeding for . . . [six specified] reasons. . . . This rule does not limit the power of *a* court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court." (Emphasis supplied.) In his memorandum of decision, the Superior Court judge considered whether a rule 60(b) request for relief had to be made in the court which entered the judgment under attack or whether such relief could be sought in another forum.

Authority for the "same-court" proposition predates adoption of the Massachusetts Rules of Civil Procedure in 1974. See *Anderson* v. *Goodman,* 341 Mass. 704, 705 (1961). There the court, in reliance upon G. L. c. 250, § 15, held that a request for relief from a judgment had to be made in the court where the judgment was entered. By St. 1975, c. 377, § 148, G. L. c. 250, § 15, was repealed to conform the General Laws to the recently adopted rules of civil procedure.

Commentators on the Massachusetts and parallel Federal rule are in agreement that where rule 60(b) relief is sought, even if by way of an independent action, the appropriate court is that where the judgment was rendered. See Reporters' Notes to Mass.R.Civ.P. 60(b), Mass. Ann. Laws, Rules of Civil Procedure at 588 (1982); 11 Wright & Miller, Federal Practice and Procedure § 2868 (1973); Annot., Independent Actions to Obtain Relief From Judgment, 53 A.L.R. Fed. 558 (1982).

It must be remembered, however, that Mechanical did seek relief in the first instance from the court that rendered the

judgment. We do not think it necessary to our conclusion to consider whether Mechanical thereby waived any right to seek identical relief in an independent action, in the nature of the counterclaim, in a different forum. Rather, we shall assume, without deciding, that Mechanical's actions were not improper for the following reasons: (1) Mechanical brought its rule 60(b) motion in the District Court almost two months before Air Purchases commenced its suit in the Superior Court; (2) Air Purchases' complaint in the Superior Court was based upon the judgment and execution which were being disputed in the District Court; and (3) Mechanical responded to Air Purchases' complaint while a ruling on the motion by the District Court judge was pending.[2]

What thereafter transpired, however, is an entirely different matter. By the time the Superior Court judge took the complaint before him up for consideration, the District Court judge had denied the rule 60(b) motion. That ruling was not interlocutory and it was, notwithstanding Mechanical's assertions to the contrary, subject to review pursuant to G. L. c. 231, §§ 108 and 109. See, e.g., *Chavoor* v. *Lewis,* 383 Mass. 801, 802 (1981); *Bird* v. *Ross,* 393 Mass. 789, 790 (1985). Mechanical, however, chose not to avail itself of its right to appeal from the District Court ruling.

Presented with a defense and counterclaim based upon reasons that had been passed upon with finality by a judge in a different forum, the Superior Court judge concluded that the doctrine of issue preclusion required that he refrain from consideration of Mechanical's defense and counterclaim. See generally *Foster* v. *Evans,* 384 Mass. 687, 694-695 (1981); *Cousineau* v. *Laramee,* 388 Mass. 859, 863 & n.4 (1983). Application of that doctrine is appropriate in the present situation because the issues which either forum would have to

---

[2] The record appendix shows that notice of the District Court judge's denial of the motion was mailed to Mechanical's counsel no earlier than September 7, 1984. Whether counsel had actual knowledge of the ruling when he filed Mechanical's answer and counterclaim does not appear in the record appendix. Actual knowledge would not, in any event, change our decision.

resolve and the criteria either would apply are the same in the case of the rule 60(b) motion and in an independent action. See *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 430-431 (1979); Reporters' Notes to Mass.R.Civ.P. 60(b), Mass. Ann Laws, Rules of Civil Procedure at 588 (1979). ("In an independent action, the same requirements outlined above with respect to motions under Rule 60[b] must be met"). See also *Locklin* v. *Switzer Bros,* 335 F.2d 331 (7th Cir. 1964).

As with most rules, there is an exception. If a ruling on the motion were based on a consideration other than the merits of the motion, the doctrine of issue preclusion would be inapplicable. See, e.g., *Caputo* v. *Globe Indem. Co.,* 41 F.R.D. 239 (E.D. Pa. 1966). See also 11 Wright & Miller, *supra* at 243-244 ("Denial of relief in that court will bar an independent equitable action in another court, unless the denial was on a ground that precluded reaching the merits of the motion, or the circumstances have changed"). Because the District Court judge's ruling was unaccompanied by a memorandum of decision, we take up the question whether the ruling was on the merits of the motion.

Mechanical's motion and supporting affidavit were filed more than a year after judgment had entered. The affidavit was signed by Mechanical's counsel, who stated that he had never received notice of the call for trial (see *Chavoor* v. *Lewis, supra*) and that the first time he had learned that judgment had entered was on May 22, 1984, when demand for payment of the execution was made. This last statement does not constitute a denial that notice of entry of the judgment had been received. See *Spadorcia* v. *South Shore Oral Surgery Associates,* 17 Mass. App. Ct. 362, 364 (1984), where counsel alleged that he "'first learned of the existence of a judgment'" at a time when relief under rule 60(b) (1) could not have been granted and relief was denied. See also *Roberson* v. *Boston,* 19 Mass. App. Ct. 595, 597-598 (1985). Contrast *Chavoor,* 383 Mass. at 802, where the trial court believed the plaintiff's averment that he "had never received notification of . . . the entry of judgment," and relief was granted. We think it worthy

of some note that in its affidavit Mechanical made the distinction between lack of notification of the call for trial and lack of awareness of the entry of judgment.

Moreover, the District Court records give support to the conclusion that the wording of Mechanical's affidavit was accurate and precise and not due to hasty draftsmanship. There are two letters from the assistant clerk of the District Court to Mechanical's counsel, both dated September 7, 1984. One of those letters simply advises that Mechanical's motion had been denied "effective this date." The other letter reports that although there was no record of Mechanical's having been notified of the call for trial, notice of entry of the default judgment had been forwarded pursuant to Mass.R.Civ.P. 77(d), as then in effect, 365 Mass. 838 (1974), on March 23, 1983.

If Mechanical was of the view that the District Court judge's ruling was based upon a consideration other than the merits of the motion, we think it was incumbent upon Mechanical to produce support for that position. On the basis of the record appendix before us, we see no error in the Superior Court judge's conclusion that Mechanical was precluded from seeking relief from the District Court judgment in an independent action in the nature of an affirmative defense and counterclaim.

We need not consider Mechanical's argument concerning the appointment of a statutory receiver, as that claim is based upon the assertion that Mechanical should have been granted relief from the judgment.

*Judgment affirmed.*