Doerfer, J.
The Commissioner of the Department of Food & Agriculture for the Commonwealth of Massachusetts (“the Commonwealth”) brought an action, Suffolk County Superior Court Civil Action No. 92-1412 (“the 1992 Action”), against Robert L. Bagdon and Julie Bagdon (collectively, “the Bagdons”) seeking a declaration that their residential dwelling violated the terms of an Agricultural Preservation Restriction (“APR”). On March 16, 1993, this court (Doerfer, J.) declared that the dwelling was in violation of the APR and ordered that the dwelling be removed. The Bagdons failed to remove the dwelling and, on December 13,1994, the Commonwealth filed a Complaint for Contempt in the 1992 Action.
On March 6, 1995, the Bagdons brought an action, Suffolk County Superior Court Civil Action No. 95-1267-E (“the 1995 Action”), against the Commonwealth seeking relief from judgment on the 1992 Action and seeking a declaration that the APR is invalid and unenforceable.
In March of 1995, the Commonwealth moved for judgment on the pleadings on its Complaint for Contempt in the 1992 Action. This motion was denied by the court (Lauriat, J.) on the ground that the Bagdons had raised a viable defense to the Complaint for Contempt.[1]
On April 4, 1995, the Commonwealth moved to dismiss the 1995 Action, pursuant to Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. In response to this motion, the Bagdons filed a motion for leave to amend the complaint.
*341 On May 5, 1995, the Commonwealth moved for summary judgment on the Complaint for Contempt in the 1992 Action. At the hearing before the court on this motion, and other pending motions, the parties represented their willingness to participate in mediation. Accordingly, the court declined to rule on the motions until the parties had undertaken mediation.
On August 2, 1995, the parties came before the court on a status conference and represented that all such settlement attempts had failed and requested that the court rule on the pending motions. Those motions are the subject of the present memorandum of decision and order.
BACKGROUND
On December 6, 1982, Leon J. and Theresa M. Bagdon, the parents of Robert L. Bagdon, granted an APR to the Commonwealth for certain consideration. The APR was duly recorded in the Franklin County Registry of Deeds. The APR, by its terms, prohibited “the construction and/or placement of one or more dwelling unit(s) on the Premises.”
On May 5, 1986, Leon J. and Theresa M. Bagdon granted the Bagdons a subdivision of the land subject to the APR. The Bagdons thereafter constructed a residential dwelling on that subdivision. In 1992, the Commonwealth brought an action seeking a declaration that the dwelling was unlawfully constructed on the APR.
On May 16, 1993, at the summary judgment hearing before the court (Doerfer, J.), both the Commonwealth and the Bagdons appeared. The Bagdons were not represented by an attorney, but were allegedly accompanied by an individual named Lucy Sokoloski.[2] The court reporter at the hearing, however, has no record that either the Bagdons or Sokoloski presented any argument in opposition to the Commonwealth’s motion for summary judgment.
In their 1995 Action, the Bagdons’ new counsel allege that the Bagdons’ “family” attorney, Alexander Sokoloski, negligently or recklessly failed to defend the 1992 Action. The Bagdons’ present counsel further assert that there was a valid defense to the 1992 Action because the blanket prohibition in the APR against “the construction and/or placement of one more dwelling unit(s) on the Premises” contravenes the mandated statutory exception for “dwellings used for family living by the land owner, his immediate family or employees” setforthin G.L.c. 184, §31. Finally, the Bagdons’ present counsel allege that Richard Hubbard, an employee of the Department of Food and Agriculture, misrepresented, inter alia, that the Bagdons could construct a single-family house on the restricted land, as long as the house was occupied by their immediate family engaged in farming of the restricted land.
DISCUSSION
Mass.R.Civ.P. 60(b) provides that a court may relieve a party or his legal representative from a final judgment, order, or proceeding on the grounds of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. Mass.R.Civ.P. 60(b) also retains the practice of allowing the losing party to compel the vacation of the judgment through an “independent action” when “a judgment has been taken without a party’s opportunity to present his claims fairly.” Mass.R.Civ.P. 60; Smith & Zobel, 8 M.P.S. §60.16. However, the plaintiff “should be prepared to show in accordance with ‘established equitable principles’:
(1) the existence of a judgment which ought not, in equity and good conscience, to be enforced; (2) a meritorious claim or defense; (3) the presence of fraud, accident or mistake which prevented the independent-action plaintiff from obtaining the benefit of the meritorious claim or defense; (4) his own absence of fault or negligence; and (5) the absence of any adequate remedy under any other provision of Rule 60(b)."
Smith & Zobel, supra at §60.16, citing Bankers Mortgage Co. v. United. States, 423 F.2d 73, 79 (5th Cir. 1970), cert. denied 399 U.S. 927 (1970); Wright & Miller, 11 Federal Practice & Procedure, §2868. “(W]here rule 60(b) relief is sought, even if by way of an independent action, the appropriate court is that where the judgment was rendered.” Air Purchases, Inc. v. Mechanical Coordinators Corp., 21 Mass.App.Ct. 632, 633 (1986).
In the present case, the record indicates that the Bagdons’ original counsel, although he had allegedly been retained, did not appear to defend the Commonwealth’s summary judgment motion in the 1992 Action and, thus, the original judgment was entered on a default-like basis. The original counsel has since died, leaving no estate, so that the Bagdons have no recourse against him for damages if they lose their home. The Bagdons’ new counsel has raised several statutory and common law challenges to the validity of the APR, including fraud in the inducement by the Commonwealth. Finally, the Bagdons have no remedy under Mass.R.Civ.P. 60(b) because the one-year time limit had expired before the Commonwealth brought its Complaint for Contempt. See Aronson v. Brookline Rent Control Board, 19 Mass.App.Ct. 700, 708 n. 21, citing Moore’s Federal Practice §60.33 (2d ed. 1983). (In the case of an independent action, “there is no definite limit of time; equitable notions of laches or the like would control.”) Thus, the Bagdons have satisfied the requirements for bringing an independent action for relief from judgment.
While “(i]t is not the function of an independent action to relitigate issues finally determined in another action between the same parties,” the court notes that *342 the Bagdons, who axe not sophisticated in the law, have not been afforded the benefit of a trial on the issue of the legality of their dwelling site. Wright & Miller, supra at §2868. On the current state of the proceedings, the Bagdons will likely lose their home. Thus, for the sake of equity, the Bagdons should be allowed to present any defenses prior to the court’s enforcement of its Order. Accordingly, the matter shall be set down for a trial on the merits.
ORDER
For the foregoing reasons, the plaintiff Commonwealth’s Motion for Summary Judgment on the Complaint for Contempt in Suffolk County Superior Court Civil Action No. 92-1412 is DENIED. The defendants Robert L. Bagdon and Julie Bagdon’s Cross Motion for Summary Judgment on the Complaint for Contempt in Suffolk County Superior Court Civil Action No. 92-1412-E is DENIED. The Commonwealth’s Motion to Dismiss the complaint in Suffolk County Superior Court Civil Action No. 95-1267-E is DENIED. The plaintiff Robert L. Bagdon and Julie Bagdon’s Motion to Amend the Complaint in Suffolk County Superior Court Civil Action No. 95-1267-E is ALLOWED.
The court, sua sponte, vacates its Order dated May 16, 1993 in Suffolk Counly Superior Court Civil Action No. 92-1412-E. Thus, having granted the Bagdons the relief sought in the 1995 Action, Suffolk County Superior Court Civil Action No. 95- 1267-E is DISMISSED as moot. It is the intention of the court, however, that the Bagdons will be able to litigate the defenses raised in the 1995 Action in the context of the 1992 Action brought by the Commonwealth. The matter shall be set down for a trial on the merits.

The Bagdons had raised the defense of impossibility. The court (Lauriat, J.) concluded that the defense of impossibility was a viable defense which could not be disposed of on the pleadings.

According to an affidavit from the Bagdons’ counsel, Lucy Sokoloski resigned from the Massachusetts Bar on May 6, 1960.