Roach, Christine M., J.
This action arises from defendant LVNV Funding, LLC’s (LVNV) allegedly unlawful debt collection activities. After obtaining a judgment in her favor in a collection action brought against her by LVNV, Tara Dorrian (“Dorrian”) has now filed this lawsuit on behalf of herself and an alleged class of similarly situated people claiming LVNV improperly engages in collection activities of consumer debt without a debt collector license, as required by G.L.c. 93, §24A. LVNV moves to dismiss Dorrian’s claims pursuant to Mass.RCiv.P. 12(b)(6), or alternatively, to strike Dorrian’s request for relief from Massachusetts judgments on behalf of putative class members. Following hearing March 4, 2015, and for the reasons that follow, the Motion is DENIED.
Factual Allegations in Complaint
The following allegations are taken from the complaint, and are assumed to be true for the purposes of the Motion.
On September 24, 2013, LVNV through licensed Massachusetts counsel sued Dorrian in the Small Claims Session of the Quincy District Court. LVNV sought judgment in the amount of $3,426.26, plus costs, on a defaulted consumer debt LVNV had purchased from HSBC Bank Nevada, N.A. Dorrian retained counsel to represent her in that action. Following hearing a judgment entered for Dorrian on March 21, 2014. Complaint, paras. 12-15. Dorrian filed this action on behalf of herself and a class of allegedly similarly situated persons in August 2014.
In the complaint Dorrian asserts LVNV has operated in Massachusetts for some years without a debt collector license as required by G.L.c. 93, §24A, and has therefore subjected Massachusetts residents to unlawful collection activity in violation of the Massachusetts Debt Collection Law (“DCL”), G.L.c. 93, §24-28. LVNV has allegedly reported debt to consumer reporting agencies; sent letters seeking payment or threatening collection actions; filed collection lawsuits in Massachusetts courts; and engaged in a variety of actions to collect upon court judgments.[1] Complaint, para. 4. Dorrian brings claims for declaratoiy and injunctive relief (Count I), unjust enrichment (Count II), and violation of G.L.c. 93A (Count III).
Standard of Review
To survive a Rule 12(b)(6) motion, a complaint need not set out detailed factual allegations, but must contain more than mere labels and conclusions. The complaint should “raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Ianacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), *159 quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations omitted). The court determines whether the complaint sets forth allegations “plausibly suggesting (not merely consistent with) an entitlement to relief.” Id. (internal quotations and citations omitted). For purposes of this review, the court may consider facts of which judicial notice may be taken, as well as any documents of which the plaintiff had notice, or on which it relied in framing the complaint. Golchin v. Liberty Mut Ins. Co., 460 Mass. 222, 224 (2011); Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004); Jarosz v. Palmer, 436 Mass. 526, 530 (2002).
Discussion
Declaratory and Injunctive Relief (Count I)[2]
To bring a claim for declaratory judgment under G.L.c. 231A, §1, a plaintiff must plead an actual controversy. G.L.c. 231A, §1 (The Superior Court “may on appropriate proceedings make binding declarations of right, duly, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen”); Massachusetts Ass’n of Independent Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977) (“In order for a court to entertain a petition for declaratory relief, an ‘actual controversy’ sufficient to withstand a motion to dismiss must appear on the pleadings”). An actual controversy is “a ‘real dispute’ caused by the assertion by one party of a duly, right, or other legal relation in which he has a ‘definite interest,’ in circumstances indicating that failure to resolve the conflict will almost inevitably lead to litigation.” District Attorney for the Suffolk Dist. v. Watson, 381 Mass. 648, 659 (1980).
LVNV argues that because Dorrian obtained a defense judgment in the underlying collection action there is currently no actual controversy between the parties, and therefore the declaratory judgment claim is moot. I cannot agree.
The small claims lawsuit concerned whether Dorr-ian owed a debt to LVNV. That controversy was resolved in Dorrian’s favor. The present action concerns whether LVNV, regardless of the validity of the underlying debt, was permitted under the DCL to bring a lawsuit without first obtaining a debt collector license. Dorrian specifically seeks a declaration that LVNV was required to be licensed by the Commissioner of Banks as a debt collector under G.L.c. 93A, §24A. This is a separate controversy which has yet to be resolved and has not been rendered moot by the previous judgment in Dorrian’s favor. G.L.c. 231A, §2 (declaratoiy judgment procedure “may be used to secure determinations of right, duty, status or other legal relations . . . under the common law, or a charter, statute, municipal ordinance or by-law, or administrative regulation, including determination of any question of construction or validity thereof which may be involved in such determination”). Accordingly, LVNVs Motion is DENIED as to Count I.
Unjust Enrichment (Count II)
Count II of Dorrian’s complaint alleges LVNVhas been unjustly enriched by obtaining monies from Massachusetts consumers as a result of unlicensed and unlawful debt collection activities. The complaint does not allege Dorrian herself in any way enriched LVNV. Dorrian acknowledges as much, but contends that because she seeks to represent a class of Massachusetts consumers, many of whom allegedly enriched LVNV by paying money to the company as a result of its unlawful collection activities, Complaint, para. 10, Count II should remain.
I believe Plaintiff has the better of the law at this stage. I agree with this court’s (Sanders, J.) analysis that distinguishes standing to bring a class action (because the named plaintiff would potentially be entitled to some portion of the relief requested on behalf of the entire class) from the situation where the individual plaintiff could not state a claim to any portion of the relief pleaded on her own behalf. Gomes v. Midland Funding, LLC, 2012 WL 11950779 (Mass.Super. 11/12/2012) (Gomes II) (Sanders, J.). Discovery may reveal no individual who can satisfy both the elements and the typicality requirement with respect to Count II, in which case Count II should be dismissed. And, as Defendant accurately argues, an equitable remedy for unjust enrichment is not available to any party who enjoys the possibility of an adequate remedy at law. Santagate v. Tower, 64 Mass.App.Ct. 324, 329 (2005). But because LVNV also questions the availability of a Chapter 93A remedy to the entire class, any dismissal of the unjust enrichment count now would be premature, based on the allegations before me. LVNVs Motion must therefore be DENIED as to Count H.
G.L.c. 93A (Count III)
LVNV asserts Dorrian cannot maintain a G.L.c. 93A claim against it for three reasons. I will take each in turn.
Trade and Commerce
First, LVNV contends the claim should be dismissed because the conduct upon which Dorrian bases it—LVNVs bringing a collection lawsuit against her—did not occur in trade or commerce.
Chapter 93A liability may attach only if the unfair or deceptive act or practice at issue occurred “in the conduct of any trade or commerce.” G.L.c. 93A, §2(a). A party is engaged in trade or commerce for the purposes of c. 93A when it acts in a business context. Peabody NE, Inc. v. Marshfield, 426 Mass. 436, 439 (1998); Lantner v. Carson, 374 Mass. 606, 611 (1978). Determining whether the party is acting in a business context depends on several factors including the nature of the transaction, the character and activities of the parties involved, and whether the transaction was motivated by personal or business reasons. Peabody NE, Inc., 426 Mass. at 439 & n.6; Poznik v. Massachusetts Med Prof'l Ins. Ass’n, 417 Mass. 48, 52 (1994) (business context determined by the facts of each case; Chapter 93A imposes liability on persons seeking to profit from unfair practices).
*160 LVNV argues Dorrian’s c. 93A claim should be dismissed because the filing of its breach of contract claim against her did not amount to “trade or commerce.” Arthur D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass.App.Ct. 734 (1994) (no commercial relationship ever existed between the parties where the only contact occurred in the context of litigation). But this mischaracterizes the nature of Dorrian’s claim. I do not understand Dorrian to be asserting the filing of the lawsuit alone—that is, the act of litigation—was unfair or deceptive. Rather, the plaintiff is claiming that any efforts LVNV makes to collect a debt, including litigation, is a statutory violation if LVNV has not first obtained a debt collector’s license pursuant to G.L.c. 93, §24A.
LVNV is allegedly engaged in the business of purchasing from other entities, and then collecting upon, defaulted consumer debt for a profit. Its collection efforts, whether through lawsuits or other means, are therefore taken and conducted in a business context, and thus constitute trade or commerce. The authority offered by LVNV to the contrary is neither controlling nor persuasive, as much of it pertains to Section 11 actions. Significantly, our Legislature has provided that a violation of G.L.c. 93, §24A constitutes a per se violation of G.L.c. 93A. G.L.c. 93, §28 (“failure to comply with any provision ... of section twenty-four to twenty-seven, inclusive, or any regulation promulgated in accordance with the provisions of section twenty-four shall constitute an unfair and deceptive act or practice under the provisions of paragraph (a) of section two of chapter ninety-three A”); McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 775 F.3d 109, 117-18 (1st Cir. 2014) (observing that where per se liability arises from the text of an independent statute “it is a clear directive by the Legislature that a violation of that particular statute constitutes an automatic violation of Chapter 93A, without the need of showing the act was otherwise ‘unfair or deceptive’ or occurred in ‘trade or commerce’ ”). Accordingly, LVNV is not entitled to dismissal of Dorrian’s G.L.c. 93A claim on this ground.
Litigation Privilege
Second, LVNV argues Dorrian’s claim is barred because of the litigation privilege.
The litigation privilege bars all civil actions brought against counsel for statements made in the institution or conduct of litigation, or in conferences and other communications preliminary to litigation, so long as those statements were pertinent to court proceedings. Sriberg v. Raymond, 370 Mass. 105, 108 (1976); Robert L. Sullivan, D.D.S., P.C. v. Birmingham, 11 Mass.App.Ct. 359, 367 (1981); Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 140-41 (1996). Once again, however, Dorrian is not challenging statements made by LVNV’s attorney during the lawsuit brought against her. Rather, she is challenging LVNV’s act of filing a lawsuit without having first obtained a debt collection license. Consequently, LVNV’s argument that Dorrian’s claim should be dismissed because it is subject to the litigation privilege is without merit.
Division Opinion Letter
Lastly, LVNV maintains the filing of the small claims action against Dorrian was consistent with an Opinion Letter issued by the Massachusetts Division of Banks (Division), and therefore cannot be considered unfair or deceptive conduct as a matter of law.
LVNY argues the Division’s interpretation of the DCL and its regulations (209 Code Mass. Regs. § 18.00 et seq.) permitted LVNV to file its lawsuit against Dorrian without first obtaining a debt collector license. The Division issued an Opinion Letter in October 2006, regarding “whether a debt buyer that engages only in the practice of purchasing delinquent consumer debts for investment purposes without undertaking any activities to directly collect on the debt would be considered a debt collector under [the DCL and the regulations].” Opinion 006060, Mass. Div. of Banks, 2006 WL 6659819 (Oct. 13, 2006). The Division opined that:
a debt buyer who purchases debt in default but is not directly engaged in the collection of these purchased debts is not required to obtain a debt collector license provided that all collection activity performed on behalf of such debt buyer is done by a properly licensed debt collector in the Commonwealth or an attorney-at-law licensed to practice law in the Commonwealth.
Id. (emphasis in original). While this Opinion Letter certainly bolsters LVNV’s contention, it cannot, at this stage of the case, defeat Dorrian’s challenges to LVNV’s activities as a matter of law.[3] Gomes v. Midland Funding, LLC, 2012 WL 7801376 (Mass.Super. 9/19/2012) (Gomes i) (Sanders, J.) (in a case involving similar factual allegations, concluding Opinion Letter 006060 did not justify dismissal).
The Opinion Letter specifically notes: “The conclusions reached in this letter are based solely on the facts presented. Fact patterns which vary from that presented may result in a different position statement by the Division.” This suggests the circumstances which will differentiate a passive investor from a debt collector for purposes of the statute must be considered on a case-by-case basis. While I appreciate Defendant’s argument that the specific challenge identified by this complaint— filing the small claims collection action—involved a licensed attorney, it is nonetheless plausibly suggested by the allegations that LVNV actively participates and directs the activities of its attorneys, and therefore may be •more than a “passive debt buyer.” Discovery is required to flesh out the facts material to LVNV’s operations in Massachusetts. See Gomes I. Accordingly, LVNV is not entitled to the dismissal of Dorrian’s G.L.c. 93A claim based on the Division’s Opinion Letter.
Request for Relief from Judgment
Under Mass.R.Civ.P. Rule 60(b) relief from judgment may be sought either by motion as part of the underlying action or through an independent action. *161 The Rule provides several circumstances under which a party may move for relief, including because the judgment is void. Mass.R.Civ.P. 60(b)(4). Dorrian seeks relief from all Massachusetts judgments, including those from the District Court, recovered by LVNV against putative class members. She contends all of those judgments are void because LVNV pursued them while acting as an unlicensed debt collector.[4]
LVNV is correct that such a request for relief ordinarily must be made in the court that rendered the judgment. Air Purchases, Inc. v. Mechanical Coordinators Corp., 21 Mass.App.Ct. 632, 633 (1986) (“Commentators on the Massachusetts and parallel Federal rule are in agreement that where rule 60(b) relief is sought, even if by way of an independent action, the appropriate court is that where the judgment was rendered”); Clark v. Leasecomm Corp., 2000 Mass.Super. LEXIS 381 at *30 (Fabricant, J.) (dismissing class action which requested relief from default judgments and observing that “Massachusetts courts have long held . . . that an independent action seeking relief from a judgment must be brought in the court that issued the judgment”). However, the Reporter’s Notes for Rule 60 emphasize that “nothing in Rule 60(b) . . . specifies” that a party must seek relief from the court which issued the judgment.
Given the nature of Dorian’s allegations here with regard to the volume of collection actions involved, it could plausibly be the case that such relief to the putative class is appropriately considered in one venue, as opposed to many. Much would depend on the actual number and nature of the judgments potentially impacted should Dorrian succeed on her claims—an issue that patently requires an evidentiary record.
LVNV also argues this request for relief should be stricken because Rule 60(b) contains a strict one-year time limit to seek relief, and because the judgments were voidable, not void, and therefore cannot be collaterally attacked. Again, these arguments are more appropriately addressed on a fuller record.[5]
Dorrian seeks this relief not for herself but for members of the class she seeks to represent. A class action only formally begins after certification, and of course Dorrian has yet to obtain class certification under Mass.R.Civ.P. 23 and/or G.L.c. 93A, §9(2). For this reason, the judgment issues LVNV raises are best addressed after Dorrian moves to certify a class and the court rules on that motion. Obviously if Dorrian were to fail in that effort, the issue would become moot.[6] Accordingly, LVNVs motion to strike Dorrian’s request, on behalf of the putative class members, for relief from the judgments against them is DENIED without prejudice to renewal at a later time.
Conclusion
For the foregoing reasons, LVNV Funding, LLC’s Motion to Dismiss or to Strike Certain Class Allegations is DENIED because each of the Counts of the complaint meets the Iannacchino standard.

 The only collection activity to which LVNV allegedly subjected Dorrian herself was the filing of the Quincy District Court small claims case.

 An injunction is a remedy, not a claim. I construe the portion of Count I seeking an injunction as a prayer for relief.

 Dorrian challenges the Division’s Opinion Letter as inconsistent with the DCL. Even if this were ruled to be true, however, it is difficult to see how a party demonstrating good faith compliance with the Division’s interpretation of the statute would be subject to G.L.c. 93A liability.

 Although not explicitly alleged in the complaint, it may plausibly be inferred that the majority of the alleged collection actions were brought in the District Court.

 The Rule provides no time limit for attacking a void judgment, whether through a motion or an independent action. Indeed, the Reporter’s Notes for the Rule emphasize that “[a] motion under Rule 60(b)(4) probably has ... no effective time limit.” And, the law is unsettled on the issue of how failure to obtain a debt collector’s license impacts a judgment. I am aware of no Massachusetts case law, but decisions from appellate courts in other states have ruled that a judgment obtained under such circumstances is void. See, e.g., Finch v. LVNV Funding LLC, 212 Md.App. 748 (2013); Gomes IT (with novel legal claim the better practice is to permit the parties to develop the facts).

 The same would be true should LVNV succeed on a motion for summary judgment on Dorrian’s individual claims. Doe v. Governor, 381 Mass 702, 704-05 (1980).