Merrigan, J.
The threshold question presented by this appeal pursuant to Dist./ Mun. Cts. R. A. D. A, Rule 8C is whether this appeal is properly before us. Teresa Hodel-Malinofsky, the Appellant, appeals from the allowance of Appellee Barry O’Connor’s motion to remove the default. “[T]he allowance of such a motion is interlocutory in character.” Wainwright v. Galeno, 1998 Mass. App. Div. 89.
Hodel-Malinofsky, a psychologist, was treating a client of O’Connor’s, an attorney. O’Connor was representing the client seeking compensation for a work-related injury and Hodel-Malinofsky provided a deposition. Hodel-Malinofsky filed suit in the District Court in June 1997 seeking payment for her testimony at the deposition. O’Connor failed to file a timely answer, and a default judgment entered on July 9,1998. When Hodel-Malinofsky instituted supplementary process, O’Con-nor filed a motion to remove the default. At the hearing, O’Connor framed his argument in terms of Mass. R. Civ. E, Rule 60(b)(1) (inadvertence). After hearing, the motion was allowed, and Hodel-Malinofsky filed this appeal pursuant to Rule *234 8C. We do not reach the merits of this appeal because the appeal is premature.
There is only one situation where interlocutory review of the allowance of such a motion is permitted. “[T]he basic rule [is] that interlocutory orders are not subject to appellate review until the entire case has been disposed of at the trial level.” Chavoor v. Lewis, 383 Mass. 801, 803 (1981). Interlocutory appeal is allowed where the party asserts that the court lacked the power to grant the motion. For example, if more than one year after entry of judgment, the court allowed a motion to remove the default pursuant to Mass. R. Civ. R, Rule 60(b) (1), (2), or (3), an interlocutory appeal is then available to permit the party to challenge the power of the court to act after the one year time limitation. Chavoor v. Lewis, supra. Hodel-Malinofsky did not assert to the motion judge that she lacked power to grant the motion to remove the default, nor does she make that argument to us. Instead, Hodel-Malinofsky argues only that the judge abused her discretion. The appeal is untimely.
Accordingly, we dismiss this appeal.

 As an aside, however, we make these observations. The transcript of the October 8,1998 hearing indicates that the motion judge listened carefully and fully to the explanation of the history of the dispute. The information before the motion judge no doubt made her concerned that O’Connor had a valid defense to Hodel-Malinofsky’s claim. She may also have taken a dim view of the lengths and intensity of Hodel-Malinofsky’s efforts, individually or through her counsel (who was her husband), to collect an amount where liability is questionable. The record indicates that the judge weighed the various considerations applicable to the issue of removal and indeed discharged her duty to exercise her discretion. “The exercise of the power to grant relief from a judgement rests within the sound discretion of the judge, which is to be applied ‘toward the objective that legal procedure becomes the vehicle for determination of the issues upon their merits instead of upon refinement of procedure....”’ Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1983), in part quoting Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So. 2d 733, 736 (Fla. App. Ct. 1964).