ARTHUR S. CHAVOOR vs. JOHN W. LEWIS.

Middlesex. March 5, 1981. — June 29, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & NOLAN, JJ.

*Practice, Civil*, Appellate Division, Interlocutory appeal, Relief from judgment.

When an appealing party contends that a District Court judge lacked power to vacate a judgment under Mass. R. Civ. P. 60 (b) because the one-year time limit imposed by rule 60 (b) had expired, and no relief is obtained from the Appellate Division, this court may entertain an appeal under G. L. c. 231, § 109, to the extent necessary to determine whether the judge had the power to vacate the judgment. [802-805]

A motion to vacate a judgment on the grounds that plaintiff's counsel had never received notification of the call for trial of the case or the subsequent entry of judgment for the defendant fell within subdivision (6) of Mass. R. Civ. P. 60 (b), and, therefore, a judge had the power in the exercise of his discretion to grant the motion even though it had not been brought within the one-year period required for rule 60 (b) motions which are based on subdivisions (1), (2), or (3) of that rule. [805-807]

TORT. Writ in the Superior Court dated January 19, 1971.

Following transfer to the Third District Court of Eastern Middlesex and entry of judgment, a motion to vacate judgment was heard by *Sherman, J.*

*John F. Finnerty, Jr.,* for the defendant.

*Joseph S. Ayoub, Jr. (Joseph S. Ayoub, Sr.,* with him) for the plaintiff.

HENNESSEY, C.J. In 1971 the plaintiff, Arthur S. Chavoor, brought a motor vehicle tort action against the defendant, John W. Lewis, in the Superior Court in Middlesex County. The action was transferred to the Third Eastern Middlesex

Division of the District Court in December, 1976, pursuant to G. L. c. 231, § 102C. The case was placed on the trial list for January 10, 1977, and was dismissed when no one appeared for the plaintiff at the call of the list. On January 21, 1977, judgment for the defendant was entered.

Nearly two years later, on December 9, 1978, the plaintiff filed a motion to vacate the judgment. In a supporting affidavit, counsel for the plaintiff averred that he had never received notification of either the call for trial or the entry of judgment for the defendant, and that he did not become aware of the judgment of dismissal until he was so informed by a court clerk following his request for production of documents on December 6, 1978. The District Court judge allowed the plaintiff's motion to vacate judgment, thus paving the way for the case to proceed to trial. Following the defendant's objection, the matter was appealed to the Appellate Division of the District Court, Northern District, for determination. The Appellate Division dismissed the report for failure to comply with Dist. Mun. Cts. R. Civ. P. 64 (1975).

The defendant appealed to this court pursuant to G. L. c. 231, § 109, alleging first, that the District Court judge had no authority to vacate the judgment based on a motion filed after the one-year time limitation imposed by Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), and second, that the Appellate Division erred in dismissing the report. In addition to countering these arguments, the plaintiff contends that the defendant's appeal is interlocutory and thus not subject to review by this court.

General Laws c. 231, § 109, authorizes an appeal to this court from a "final decision of the appellate division of any district court." We have often stated that an action transferred from the Superior Court to the District Court under G. L. c. 231, § 102C, can be appealed pursuant to G. L. c. 231, § 109, only after both a final decision by the Appellate Division and a trial in the Superior Court upon retransfer. E.g., *Pupillo* v. *New England Tel. & Tel. Co.* 381 Mass. 714 (1980); *Fusco* v. *Springfield Republican Co.*,

367 Mass. 904, 906 (1975), and cases cited. The words "final decision" mean a determination that "puts an end to litigation, . . . leav[ing] nothing more open to dispute and . . . set[ting] controversy at rest." *Pollack* v. *Kelly*, 372 Mass. 469, 475-476 (1977), quoting from *Real Property Co.* v. *Pitt*, 230 Mass. 526, 527 (1918). The ruling of the Appellate Division here is not a final decision, as it leaves intact the District Court judge's allowance of the plaintiff's motion to vacate judgment and thereby contemplates a trial on the merits. We must decide whether, presented as we are with an interlocutory ruling, we should recognize an exception to the basic rule that interlocutory orders are not subject to appellate review until the entire case has been disposed of at the trial level.

Rule 60 authorizes (a) the correction of mere clerical mistakes in the judgment or other part of the record, and (b) substantive relief from a final judgment. The court may relieve a party from a final judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). A rule 60 (b) motion to vacate judgment, for whatever reason, must be made within a reasonable time. For reasons (1), (2), and (3), however, the motion must be made within one year following the entry of judgment. This one-year time limit cannot be extended. Mass. R. Civ. P. 6 (b), 365 Mass. 747 (1974).

Under the rule, therefore, a judge has no power to vacate a judgment based on "mistake, inadvertence, surprise, or

excusable neglect" if the motion to vacate is filed more than a year after entry of judgment. In recognition of this limitation, some Federal appellate courts have acknowledged the propriety of appeals challenging a judge's power to vacate a judgment pursuant to Fed. R. Civ. P. 60 (b),[1] despite the interlocutory character of the order. *Rinieri* v. *News Syndicate Co.*, 385 F.2d 818, 821-822 (2d Cir. 1967). *Cavalliotis* v. *Salomon*, 357 F.2d 157 (2d Cir. 1966). *Radack* v. *Norwegian America Line Agency, Inc.*, 318 F.2d 538, 543 & n.5 (2d Cir. 1963). *Stradley* v. *Cortez*, 518 F.2d 488, 491-492 & n.5 (3d Cir. 1975). See *Hand* v. *United States*, 441 F.2d 529, 530 n.1 (5th Cir. 1971).[2] The same rationale has led to the allowance of appeals from orders granting new trials (orders which are equally interlocutory in nature), when the appealing party challenges the lower court's power to act after the express time limits imposed by Fed. R. Civ. P. 59. See *Stradley* v. *Cortez, supra; Peterman* v. *Chicago, Rock Island & Pac. R.R.*, 493 F.2d 88, 89 (8th Cir.), cert. denied, 417 U.S. 947 (1974); *Gilliland* v. *Lyons*, 278 F.2d 56, 57-58 (9th Cir. 1960); *Jackson* v. *Wilson Trucking Corp.*, 243 F.2d 212, 214 n.3 (D.C. Cir. 1957). As explained in *Stradley* v. *Cortez, supra* at 491, when a court's *power* either to vacate a judgment or to grant a new trial is challenged, "what would otherwise be an interlocutory order is treated as an appealable final order." Cf. *Rinieri* v. *News Syndicate Co., supra* at 822 (if in vacating an order of dismissal two and one-half years

---

[1] Rule 60 (b) of the Massachusetts Rules of Civil Procedure is substantially the same as Fed. R. Civ. P. 60 (b).

[2] Wright and Miller suggest that instead of an appeal, the better approach in the Federal courts would be for the aggrieved party to seek relief by way of one of the extraordinary writs, such as the writ of mandamus or of prohibition. 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2871, at 260 (1973). These and various other writs were abolished in this Commonwealth with the adoption of the rules of civil procedure. Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974). Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). This court retains authority to grant relief to correct and prevent errors and abuses in the lower courts "if no other remedy is expressly provided." G. L. c. 211, § 3, as amended through St. 1973, c. 1114, § 44.

after its entry a judge "acted without any basis in law, disregarding the limitations placed upon the power to vacate provided in the provisions of Rule 60 (b), he lacked jurisdiction to act and [the] order is appealable").

We conclude that when the appealing party contends that the District Court judge lacked power to grant a motion to vacate judgment under Mass. R. Civ. P. 60 (b) because the one-year time limit had expired, and no relief is obtained from the Appellate Division, we may entertain an appeal to the extent necessary to determine whether the judge had power to grant the motion. If the judge had such power, the interlocutory appeal must be dismissed without any inquiry on our part into the merits of the judge's decision to grant the motion. If the judge did *not* have such power, the decision granting the motion must be vacated.

In determining whether the District Court judge had power to vacate the judgment for the defendant entered on January 21, 1977, we must decide whether the plaintiff's motion to vacate, brought nearly two years later, was subject to the absolute one-year limitation of rule 60 (b). The defendant contends that the ground for relief asserted in the plaintiff's motion falls within rule 60 (b) (1), "mistake, inadvertence, surprise, or excusable neglect" because the plaintiff is claiming that his failure to appear at the call of the list was due to the mistake of the court in not sending him notice of the trial date.[3] The plaintiff argues that neither the motion nor the order to vacate was made on the basis of rule 60 (b) (1), and that the order could be based on rule 60 (b) (6) ("any other reason justifying relief"), which is not subject to the one-year limitation.[4] As is evident from

---

[3] Rule (60) (b) (1) applies not only to mistakes, acts or omissions by the parties, but also to those by the court. See *Meadows* v. *Cohen*, 409 F.2d 750, 752 n.4 (5th Cir. 1969); 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2858 (1973).

[4] Although the one-year limit does not apply to motions under rule 60 (b) (6), the motions must still be made within a reasonable time. The question of reasonable time, unlike the absolute one-year bar, is addressed solely to the judge's discretion.

the language of rule 60 (b) and as we have observed in *Murphy* v. *Administrator of the Div. of Personnel Administration*, 377 Mass. 217, 228 & n.13 (1979), subdivision (6) applies only when the vacating of judgment is justified by some reason *other* than those stated in subdivisions (1) through (5). See *Artco, Inc.* v. *DiFruscia*, 5 Mass. App. Ct. 513, 517 (1977); 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2864, at 217 (1973).

Although the failure to notify could be characterized as a "mistake" on the part of the court, the cases we have found involving similar circumstances have concluded that lack of notice constitutes a sufficiently fundamental flaw to remove the case from the parameters of subdivision (1) of rule 60 (b).[5] In *Radack* v. *Norwegian America Line Agency, Inc.*, 318 F.2d 538 (2d Cir. 1963), the defendants appealed from a decision vacating a prior order of dismissal for lack of prosecution. The plaintiffs, who had brought the motion to vacate under Fed. R. Civ. P. 60 (b) (6) fifteen months after the dismissal, argued on appeal that the one-year time limit should not apply because they had not received notice of either the call or the dismissal of their case. Although conceding that the underlying justification for vacating the dismissal was inadvertence or excusable neglect, the Second Circuit Court of Appeals concluded that "lack of notice of the dismissal acts as a bar to the efficacious operation of subsections (1), (2) and (3)," and thus if the plaintiffs had never received notice of the entry of the judgment, the lower court had power, under subdivision (6), to vacate the judgment on motion brought over a year later. *Id.* at 542-543. Accord, *Cavalliotis* v. *Salomon*, 357 F.2d 157 (2d Cir. 1966).[6]

---

[5] As a general principle, we apply to our rules of civil procedure the construction given to the cognate Federal rules. *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975).

[6] Cf. *Expeditions Unlimited Aquatic Enterprises, Inc.* v. *Smithsonian Inst.*, 500 F.2d 808 (D.C. Cir. 1974); 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2864, at 214-215 & nn. 27, 28 (1973) (discussing use of Fed. R. Civ. P. 60 (b) (6) in the context of failure to appeal due to lack of notice of entry of judgment; but see in that context Mass. R. Civ. P. 77 (d), 365 Mass. 837 [1974]).

We are persuaded that the circumstances of lack of notice alleged by the plaintiff here, and believed by the District Court judge below, brought the case within subdivision (6) of rule 60 (b). The judge thus had the power to grant the motion to vacate in the exercise of his discretion. Because the judge acted within his power, the only possible justification for our asserting appellate jurisdiction in this case — i.e., the District Court judge's lack of power to grant the motion to vacate after one year — is absent. The appeal must be dismissed. See *Cavalliotis* v. *Salomon, supra;* Wright & Miller, *supra* § 2871, at 260 n.98.[7]

*So ordered.*

---

[7] We decline to review the question whether the District Court judge abused his discretion in granting the motion, as we will not decide cases on the merits once we have determined that the appeals do not lie. See *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 137, 140 (1974) (observing that confusion had resulted from our earlier discretionary entertainment of premature appeals, and indicating the desirability of a stricter application of the rule against deciding the merits of such appeals).