Kelly, J.
On October 31,1985, plaintiff, Boston Edison Company, filed an action to recover the value of electric services provided to defendant, Forest Hills Nursing Home, Inc. (hereafter Forest Hills) from September, 1964 through June, 1985. The defendant, Charles J. O’Malley (hereafter O’Malley), was president of the defendant corporation and owned the property on which the nursing home operated.
Both defendants were properly served with notice of the action and Motion for Real Estate Attachment. Defendant O’Malley was served on November 9, 1985, and defendant Forest Hills was served on August 1,1986. The defendants failed to answer the complaint and default judgments issued against them on August 27, 1986. On September 9, 1986, execution issued against both defendants in the amount of $31,045.42 plus interest of $80.45, for a total of $31,125.87. The execution against Forest Hills was levied on October 1, 1986. The execution against O’Malley was levied on February 28,1992.
On May 5, 1993, defendant O’Malley filed a Motion for Relief from Judgment. The motion states that “the judgment was entered as a result of mistake or excusable neglect on [my] part, and by misrepresentation and other misconduct of the plaintiff, and that it is no longer equitable that the judgment should have prospective application.” After a hearing, the motion was denied.
The Motion for Relief from Judgment fails to set forth the particular subsections of Dist./Mun. Cts. R. Civ. R, Rule 60(b) on which the defendant bases his motion. It can be inferred from the first paragraph of the motion, however, that the defendant deems subsections (1), (3) and (5) of Rule 60(b) to be relevant.
Rule 60(b) requires that motions claiming, inter alia, mistake, excusable neglect and misrepresentation shall be made within a reasonable time but shall not exceed one year from entry of judgment. Chavoor v. Lewis, 383 Mass. 801, 803 *233 (1981). The one year limitation is strictly construed and cannot be extended. Id. O’Malley did not seek relief from the Default Judgment for more than six and one-half years after entry of judgment. The failure to file such a motion within a reasonable time up to one year from the entry of judgment precludes the defendant from seeking relief under 60(b) (1) and (3). For this reason alone it can be concluded that the Motion Judge did not abuse his discretion in denying the defendant’s Motion for Relief from Judgment under Rule 60 (b).
A motion for relief from judgment under Rule 60(b) (1) rests on the sound discretion of the judge. Trustees of Stigmatine Fathers, Inc. v. Secretary of Adm’n & Fin., 369 Mass. 562, 565 (1976). The defendant, in order to prevail on such a motion, must demonstrate that the mistake or excusable neglect was not the result of his own carelessness. Murphy v. Administrator of the Division of Personnel Administration, 377 Mass. 217, 228 (1979). The defendant here has failed to demonstrate the existence of any mistake or excusable neglect. The motion submitted by the defendant states allegations of mistake and excusable neglect yet no specific examples of either are included.
The defendant has failed to articulate any “misrepresentation and other misconduct of the plaintiff.” Mere allegations by the aggrieved party will not suffice to prove such a claim. While it is true that an uncontroverted affidavit submitted by the party seeking relief shall be taken as true by the Motion Judge, Farley v. Sprague, 374 Mass. 419, 424-425 (1978),[2] the Motion Judge is not compelled to grant the relief requested, Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 160 (1987). ‘There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result; the standard of review is not substituted judgment.” Scannell at 160 quoting Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986).
The defendant’s motion alleges that Rule 60(b)(5) provides relief from judgment because “it is no longer equitable that the judgment should have prospective application.” By its own terms the subsection does not apply to cases involving monetary judgments because such a judgment concerns only a past due debt. Ryan v. U.S. Lines Co., 303 F.2d. 430 (2d Cir.1962).
Although the defendant admittedly failed to plead under Rule 60(b)(6), this residual clause is available when the interest of justice would be served by vacating the judgment and, thus, warrants some discussion. Relief under Rule 60(b) (6) is warranted only in extraordinary circumstances and even then must receive “extremely meager scope.” Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983). The defendant, in order to prevail under Rule 60 (b) (6), must first demonstrate that relief is not available to him under subsections (1) through (5). Chavoor v. Lewis, 383 Mass. 801, 805-806 (1981). Here the defendant’s motion, as stated earlier, alludes to relief under subsections (1), (3) and (5) and, therefore, defendant is estopped from pleading relief under 60(b) (6). If the defendant were not so precluded, he would still have to prove that there are extraordinary circumstances in the case that warrant relief from judgment. Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987). The defendant has not met this burden.
Finally, while motions for relief from judgment under subsections (5) and (6) may be brought within a reasonable time, rather than a strict one year time period, a party may not allege relief under Rule 60(b) (6) to avoid the strict one year time limitation under subsections (1) and (3). Id.
Finding no error of law or abuse of discretion in the Motion Judge’s denial of the defendant’s Motion for Relief from Judgment, the report is hereby dismissed.

 The Report, although not stating that the defendant’s Motion for Relief from Judgment also serves as an affidavit, does acknowledge that the defendant had signed the motion personally under the pains and penalties of perjury and that no counter-affidavit had been filed by the plaintiff.