Kottmyer, J.
The Plaintiff, David Altieri (“Altieri”), has moved to vacate an order dismissing his appeal. Plaintiffs Motion to Vacate Judgment of Dismissal is DENIED for the following reasons.
STATEMENT OF FACTS
The undisputed facts are as follows. On October 13, 1984, the plaintiff was injured as a result of an accident in which Henry P. Bothner (“Bothner”), now deceased, was driving a car which hit plaintiff who was on a motorcycle. On December 18, 1984, Bothner conveyed his interest in his residence located at 408 Mount Elam Road, Fitchburg, Massachusetts, to his son, Wallace A. Bothner without consideration. On or about April 6, 1987, the attorney who originally handled the motor vehicle case for plaintiff brought in a second attorney to handle the trial (“the trial attorney”). On August 12, 1987, a complaint was filed against Bothner. On July 1, 1988, an additional attorney filed an appearance for the plaintiff (“co-counsel”). Bothner died in 1989, and Wallace A. Bothner as Administrator of Bothner’s Estate was substituted as defendant. The complaint was in two counts; Count One alleged negligence and Count Two fraudulent conveyance.
The Counts were tried separately in 1991. On February 7, 1991, a jury awarded the plaintiff $90,000 plus interest on Count One. A second jury returned a verdict for the defendant on Count Two on the following day. On March 7, 1991, the trial attorney filed a notice of appeal from the jury’s verdict on Count Two and ordered a copy of the transcript.
In February of 1992, the trial attorney was sworn in as a District Court Judge. On March 25, 1992, a Notice of Status Review of Appeal was ordered by the Court. Copies were mailed to the trial attorney at his former law firm and to co-counsel. On January 7,1994 a Judgment of Dismissal was entered by the Court. Notice of the entry of judgment was mailed to the co-counsel. The trial attorney did not receive either the Notice of Status Review or the Judgment of Dismissal. In January of 1995, the plaintiff engaged a new law firm to prosecute his appeal, and on April 25, 1995, the instant motion was filed.
DISCUSSION
Rule 60(b), Mass.R.Civ.P., vests power in the Court to vacate judgments in certain limited situations. Motions seeking relief pursuant to subparagraphs (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence and (3) fraud must be made within one year after judgment enters and consequently those grounds for relief are not available in this case. Subparagraphs (4) and (5) are not applicable to this case. Accordingly, the sole issue presented is whether “any other reason” justifies relief from operation of the judgment pursuant to Rule 60(b)(6). A motion pursuant to Rule 60(b)(6) must be made “within a reasonable time.”
*130 Rule 60(b)(6) gives the court power to vacate judgments where appropriate to accomplish justice. Rule 60(b)(6) is, however, subject to two important qualifications. First, the motion must be based upon some reason other than those stated in Rule 60(b)(l)-(5) and second, there must be a showing of exceptional circumstances warranting extraordinary relief. Reporters’ Notes to Rule 60(b).
The record reflects that, apart from filing the notice of appeal and ordering the transcript, no action of any kind was taken by appellant to prosecute the appeal for a four-year period. While the failure to prosecute the appeal was no doubt attributable in part to confusion engendered by the trial lawyer’s appointment to the bench, relief on that ground would fall within 60(b)(1) and would therefore be barred by the one-year limitation. Chavoor v. Lewis, 383 Mass. 801, 806 (1981).
Relying on Chavoor, Plaintiff argues that the fact that the trial lawyer states he did not receive notice of the status review or of the judgment brings this case within the purview of 60(b) (6) and further that the facts of this case are similar to facts held to justify relief under Rule 60(b)(6) in Chavoor. But Chavoor involved a dismissal prior to trial at a time when lengthy delays of trials were not unusual. The present case involves an appeal and, in that context, the four-year passage of time during which no action took place could not reasonably be justified by reliance upon a delay in the preparation of the transcript of a trial of less than one day. Moreover, the Court’s holding in Chavoor was narrow. The Court held that lack of notice may bring a case within subdivision (6) of Rule 60(b). The Court did not reach the issue whether the judge abused his discretion in granting the motion to vacate in the circumstances of that case. Id. at 807, n.7.
While the affidavits state that neither the Notice of Status Review nor the Judgment of Dismissal was received by the trial lawyer, the docket reflects that the Notice of Status Review was mailed to the trial attorney at his former firm and to co-counsel and that a copy of the Judgment was mailed to co-counsel. Co-counsel apparently received both notices and presumably was aware that the trial lawyer had withdrawn from practice. In the Court’s view, this case is controlled by Rule 60(b)(1), not Rule 60(b)(6), and relief is therefore barred. See Spadorcia v. South Shore Oral Surgery Associates, 17 Mass.App.Ct. 362, 364-65 (1984). “itis plain . . . that where a party has more than one attorney a notice to one of them will suffice.” See Holmes v. Fitchburg and Leominster Street Railway, 347 Mass. 313, 319 (1964).
In any event, however, the substantial passage of time during which no action of any kind was taken by appellant to prosecute this appeal precludes a finding that extraordinary and compelling circumstances justify relief from operation of judgment pursuant to Rule 60(b)(6). To justify relief under subsection (6), a party must show “extraordinary circumstances suggesting that the party is faultless in the delay.” Pioneer Inv. Serv. Co. v. Brunswick Assoc., Ltd., 113 S.Ct. 1489, 1497 (1993). Consequently, even if the case could properly be decided under Rule 60(b)(6), plaintiff would not be entitled to relief.
ORDER
For the reasons stated herein, it is ORDERED that Plaintiffs motion to vacate judgment of dismissal is DENIED.