Borenstein, J.
Sakura Realty Trust (“plaintiff’) brought this action for breach of contract and G.L.c. 93A to recover damages for a default by its commercial tenant, Bedworx, Inc. (“defendants”). Both parties brought motions for summary judgment pursuant to Mass.R.Civ.P. 56. This court allowed plaintiffs motion and denied defendants’ motion, leaving only the issue of damages [5 Mass. L. Rptr. No 4, 93 (April 29, 1996)]. Defendants now move pursuant to Mass.R.Civ.P. 60(b)(l)(3) and (6) for reconsideration of the court’s decision to allow summary judgment. For the reasons set forth below, defendants’ motion is DENIED.
DISCUSSION[3]
A motion for reconsideration pursuant to Mass.R.Civ.P. 60(b) lies within the sound discretion of the motion judge. Woo v. Moy, 17 Mass. App. 949 (1983). Defendants first argue that this Court “ignored the review standard for denying summary judgment,” thereby committing legal error. They claim that the *323 Court failed to “acknowledge” several principles of summary judgment law. Failure to include the entire body of boilerplate summary judgment language in a decision, however, does not constitute a legal error.
Defendants next contend that the court erred in indicating that defendants sought to remove a bearing wall after the parties entered the lease agreement. Rather, defendants argue, evidence establishes that plaintiff promised to take down the wall before the lease was signed. Assuming arguendo that these two statements are inconsistent, defendants’ argument is without merit. Including this contention in the Court’s decision would not change the outcome, as the lease did not include wall removal in the itemized list of repairs. As a matter of law, the parol evidence rule prevents the Court from considering an agreement made before the lease was entered. See Shain Investment Co., Inc. v. Cohen, 15 Mass.App.Ct 4, 12 (1982); Restatement (Second) of Contracts §§215, 218. Thus, even assuming arguendo that a factual dispute existed as to the timing of the discussions regarding the wall, it was not a “material fact” for purposes of Mass.R.Civ.P. 56.
Defendants argue correctly that mutual mistake constitutes an exception to the parol evidence rule. See Polaroid Corp. v. The Travelers Insurance Co., 414 Mass. 747 (1993) (“If the language of a written instrument does not reflect the true intent of both parties, the mutual mistake is reformable . . . The parol evidence rule does not bar extrinsic proof of intent in these circumstances”). They have failed to adduce any evidence that the parties intended to include the bearing wall removal in the itemized list of repairs to be performed by plaintiff, or that mention of the wall removal was somehow mistakenly omitted from the lease.
Nor have defendants provided evidence of misrepresentation that would evade the parol evidence rule. The parol evidence rule does not preclude proof of fraud to justify reformation where “a party’s manifestation of assent is induced by the other party’s fraudulent misrepresentation as to the contents or effect of a writing evidencing an agreement ...” Restatement (Second) of Contracts § 166(c). Defendants’ allegations of misrepresentation go to the breach of the alleged agreement to remove the walls, not to the formation of the lease contract.
Defendants also maintain that plaintiff failed to comply with the lease by not evicting the previous tenant. They raise this issue pursuant to Mass.R.Civ.P. 60(b)(6), “other reasons justifying relief.” Rule 60(b)(6) only applies “when the vacating of judgment is justified by some reason other than those stated in subdivisions (1) through (5).” Chavoor v. Lewis, 383 Mass. 801, 806 (1981). Impossibility is an affirmative defense pertaining to the merits of defendants’ case; they should have raised this argument pursuant to Mass.R.Civ.P. 60(b)(1).
Defendants also seek to submit the full deposition of Robin Boyce to establish that plaintiff agreed to remove the wall before the parties entered the lease agreement. Such a request must be made pursuant to Mass.R.Civ.P. 60(b)(2), which defendants have failed to invoke. Furthermore, even if the Court were to accept the evidence, the deposition would not be helpful to defendants because of the parol evidence rule discussed supra.
ORDER
For the foregoing reasons, it is ORDERED that defendants’ motion for reconsideration be DENIED.

The background is set forth in this Court’s Memorandum of Decision and Order on Cross Motions for Summary Judgment, February 29, 1996 [5 Mass. L. Rptr. No. 4, 93 (April 29, 1996)].