Crimmins, J.
In this appeal plaintiff challenges the authority of the motion judge to allow a motion to set aside a default judgment that was filed more than one year after the entry of the default judgment. We find no error.
Although the allowance of such a motion is interlocutory in character, the Supreme Judicial Court in Chavoor v. Lewis, 383 Mass. 801 (1981), has held that where there is a challenge to a court’s authority to vacate a judgment, such an order is deemed a final order from which a party may appeal. Id. 804. The scope of the appeal is however limited. A court may entertain the “appeal to the extent necessary to determine whether the judge had the power to grant the motion. If the judge had such power, the interlocutory appeal must be dismissed without inquiry ... into the merits of the judge’s decision to grant the motion. If the judge did NOT have such power, the decision granting the motion must be vacated.” (emphasis in original) Id. at 805.
In this case, the plaintiff, seeking to recover attorney fees, filed suit against defendants Dominic Galeno and his seventy-nine year old father, Cosmo Galeno.[2] Plaintiff’s theory of recovery, though set forth in numerous counts, essentially was that he had provided legal services to Dominic and that Cosmo orally agreed, during the course of representation, to pay for past services as well as future legal services that would be incurred if plaintiff continued to represent Dominic in a criminal case in which Dominic was a defendant. A default judgment entered on April 24,1996.
On August 22,1997, shortly before a scheduled sheriff’s sale of property owned by Cosmo to collect on the default judgment, Cosmo filed a Motion to Set Aside the Default Judgment.[3] In an affidavit made in support of that motion, Dominic averred that Cosmo was mentally impaired because of his advanced age and granted his son a general power of attorney. Dominic indicated that he received the complaint and a summons, but thought that plaintiff would not follow through with the law suit. So, though his father was in Italy at the-time of service of the complaint, Dominic opted not to retain counsel for Cosmo. At some point Dominic informed Cosmo of the consequence of his failure to act on the latter’s behalf. A factual question was also raised in the affidavit as to whether Cosmo agreed to pay for Dominic’s legal services.
*90 The plaintiff argues that the motion filed by Cosmo, though brought under Mass. R. Civ. R, Rule 60(b) (6), in reality falls into the category of a Rule 60(b) (1) motion. The parties acknowledge that Cosmo received a copy of the complaint and summons but failed to respond because it was thought by his agent, Dominic, that the suit would not proceed. This, according to plaintiff, amounts to nothing less than “mistake, inadvertence, surprise, or excusable neglect,” under Rule 60(b) (1). Such a motion, as the plaintiff points out, cannot be made after one year from the date of judgment.
We are of the opinion that the motion in this case was appropriately filed and allowed under the operation of Rule 60(b) (6). That rule allows a motion judge to grant relief that is not covered by Rules 60(b) (l)-(5). A motion filed under this rule is not subject to the one year limitation.[4] Here, it is alleged that Dominic was vested with a general power of attorney for his father. There was an inherent conflict of interest for Dominic when he was sued individually along with the person for whom he had a fiduciary duty to represent. Cosmo had a meritorious defense, standing apart from Dominic, that was not advanced due to the fiduciary’s failure to act.
Without addressing the merits of Cosmo’s motion, we find that the motion falls within Rule 60 (b) (6). The court had the authority to act and, therefore, the appeal is dismissed.
So ordered.

 We shall use the first name of each defendant, hereafter, in this appeal.

 Dominic did not seek relief from the default judgment and, in fact, in his affidavit filed in support of Cosmo’s motion, he admits his obligation to pay for the legal services rendered by plaintiff on his behalf.

 A Rule 60(b) (6) motion must be filed within a reasonable time. “The question of reasonable time, unlike the absolute one year bar, is addressed solely to the judge’s discretion." Chavoor, n. 4. For this reason, a discussion of whether the motion was filed within a reasonable time is beyond the scope of our review.