Henry, Bruce R., J.
The plaintiff, Stephen Embry (“Embry”), brought this action against defendant, President and Fellows of Harvard College (“Harvard”), seeking compensation for personal injuries and damages allegedly incurred after a Harvard College employee sexually assaulted him when he was twelve to fourteen years old. On November 6, 2013, this court granted Harvard’s motion to dismiss on the grounds that Embry brought his action outside of the relevant statute of limitations. This case is currently before the court on Embry’s motion for relief from judgment pursuant to Mass.R.Civ.P. 60, on the basis of a new statute expanding the statute of limitations in child sexual abuse cases involving negligent supervision. For the following reasons, Embry’s motion is ALLOWED.
BACKGROUND
The underlying facts pertinent to this case were outlined in this court’s Memorandum of Decision and Order on Defendant’s Motion to Dismiss, dated November 6, 2013 (Henry, J.), and are incorporated by reference. Particularly relevant facts are discussed below.
On July 12, 2012, Embry instituted a civil action against Harvard alleging that he was sexually assaulted by Ben Merritt (“Merritt”), a Harvard swim coach, between 1969 and 1972, when Embry was between the ages of twelve and fourteen years old. Although the sexual abuse occurred approximately forty years ago, Embry did not remember and/or understand that he was harmed by Merritt’s conduct until 2008. In March 2008, he called and sent a letter to Harvard’s legal department notifying them that a former Harvard employee had sexually abused him. Am. Compl., Ex. A. After communicating intermittently for two years, a Harvard staff attorney wrote an official response letter to Embiy on March 4, 2010, declining Embry’s request for financial compensation for the harm he had incurred, and stating that Harvard was unable to ñnd anyone to corroborate Embiy’s claims. Am. Compl., Ex. D.
In his amended complaint, Embry alleged that Merritt sexually assaulted him at the Harvard pool, in the pool locker room, and in the showers during a swimming program at Harvard where Merritt was training Embry to become an Olympic swimmer. Embry claimed, inter alia, that Harvard negligently placed Merritt in a position where he had access to young boys and that Harvard knew or negligently failed to *431 discover that Merritt was sexually abusing young boys on Harvard grounds. At the time he brought his suit, the governing statute of limitations period for all of Embry’s claims was three years. See G.L.c. 260, §2A (“Except as otherwise provided, actions of tort.. . shall be commenced only within three years next after the cause of action accrues”). Because Embry’s claims accrued in March 2008, when he wrote his first letter to Harvard, his action — filed in June 2012 — was dismissed as untimely.[2] Embry appealed the dismissal to the Appeals Court on January 24, 2014.
On June 26, 2014, while Embry’ s appeal was pending, the Governor signed into law Chapter 145 of the Acts of 2014 (the “Act”). Section 7 of Chapter 145 included a new statute of limitations for child abuse cases, extending the limitations period to seven years from “the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by [sexual abuse]” in cases involving third persons other than the abuser. G.L.c. 260, §4C 1/2 (“§4C 1/2”). The new limitations period was applicable to “[a]ctions of tort alleging that the defendant negligently supervised a person who sexually abused a minor or that the defendant’s conduct caused or contributed to the sexual abuse of a minor by another person.” Id. Section 8 of Chapter 145 provided that this new statute of limitations “shall apply regardless of when any such action or claim shall have accrued or been filed and regardless of whether it may have lapsed or otherwise be barred by time under the law of the commonwealth.” On August 8, 2014, the Appeals Court granted Embiy leave to file the instant motion in the Superior Court, which was filed on September 17, 2014. Ex. C; Ex. D.
DISCUSSION
Embiy seeks relief from judgment from this court pursuant to Mass.R.Civ.P. 60(b)(5) or (6) (“Rule 60(b)(5)” and “Rule 60(b)(6)”), on the grounds that the new statute of limitations for negligent supervision/child abuse cases applies retroactively to void the court’s earlier dismissal. Harvard opposes the motion, arguing that this court should exercise its discretion to reject the Rule 60 motion because extraordinary circumstances do not warrant relief, that §4C 1 /2 does not apply retroactively to this case, and that allowance of the motion would be futile because Embry’s Amended Complaint fails to state a claim upon which relief could be granted.
I. Rule 60(b)(5)
Rule 60(b)(5) allows a court to “relieve a parly or his legal representative from a final judgment, order, or proceeding . . . [where] the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.” Although not specifically articulated, this court presumes that Embry seeks application of this subsection on the grounds that “it is no longer equitable that the judgment should have prospective application.” However, “prospective application” requires that the case involve “forward-looking judgments, such as injunctions and consent decrees,” and, even then, it is limited to those with “long-term supervision of changing conduct or conditions.” See Comfort v. Lynn Sch Comm., 560 F.3d 22, 28 (1st Cir. 2009). An order granting dismissal is not “forward-looking,” and thus Embry cannot seek relief under this subsection. See id.
II. Rule 60(b)(6)
Rule 60(b)(6) acts as a catchall provision, authorizing relief from final judgments when there is an adequate “reason justifying relief from the operation of the judgment.” It only applies in instances ‘when the vacating of judgment is justified by some reason other than those stated in subdivisions (1) through (5).’ “ Parrell v. Keenan, 389 Mass. 809, 814, quoting Chavoor v. Lewis, 383 Mass. 801, 803 (1981). Factors to consider under Rule 60(b)(6) include whether ’’extraordinary circumstances warrant relief,. . . whether the substantial rights of the parties in the matter in controversy will be affected by granting the motion," and whether the moving party’s underlying claim or defense is meritorious. See id. at 815, quotation omitted. In addition, the motion must be brought within a “reasonable time.” Id. Both the underlying merits and the timeliness of a Rule 60(b)(6) motion are “addressed solely to the judge’s discretion.” Chavoor, 383 Mass. at 805 n.4.
A. Whether Extraordinary Circumstances Warrant Relief
Embry contends that the enactment of a new statute retroactively expanding the statute of limitations for negligent supervision in child abuse cases constitutes “extraordinary circumstances warranting] relief.” Harvard acknowledges that a postjudgment change in the law with retroactive application may qualify for such relief, but contends that in this situation that rule is inapplicable because the retroactivity provision in §4C 1 /2 is not broad enough to encompass this case.[3]
“[R]ule 60(b)(6) permits a court to relieve a parly from final judgment where there is a postjudgment change in the law having retroactive application.” Clean Harbors of Braintree, Inc. v. Bd. of Health, 415 Mass. 876, 884 (1993), quoting Brown v. Hutton Grp., 795 F.Sup. 1307, 1316 n.7 (S.D.N.Y. 1992). “Whether a statutory enactment applies prospectively or retrospectively is a question of legislative intent.” Fleet Nat’l Bank v. Comm’r of Revenue, 448 Mass. 441, 448 (2007). The general rule applicable here is that, “absent clear legislative intent to the contrary, a newly enacted statute of limitations ‘controls future procedure in reference to previously existing causes of action.’ ”[4] Premier Capital, LLC v. KMZ, Inc., 464 Mass. *432 467, 474 (2013), quoting Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 453-54 (1982).
Here, the Legislature addressed the retroactive effect of §4C 1/2 in its enabling legislation, stating that the statute “shall apply regardless of when any such action or claim shall have accrued or been filed and regardless of whether it may have lapsed or otherwise be barred by time under the law of the commonwealth.” Harvard contends that this language is not broad enough to encompass the instant case because the enabling legislation did not specifically state that the new statute of limitations would apply regardless of whether the action has been the subject of a final judgment. In support of this argument, Harvard cites Pielech v. Massasoit Greyhound, Inc., 47 Mass.App.Ct. 322, 326 (1999), in which the Legislature retroactively expanded the statute of limitations in certain employment law cases and explicitly stated that the new time limit would apply in cases in which a petition for certiorari was pending. The Supreme Judicial Court concluded that the statute’s clear language, in addition to “the resolve of the Legislature to give plaintiffs their day in court,” justified reconsideration of the case. See id. Harvard posits that this statute serves as evidence that the Legislature would have more specifically outlined §4C 1/2’s retroactivily if it wished it to apply to final judgments.
However, this argument ignores the presumption of retroactivity that attaches to newly enacted statutes of limitation, “absent clear legislative intent to the contrary.” See Premier Capital, LLC, 464 Mass. at 474. The fact that the Legislature has specifically outlined the limits of a statute’s retroactivity in one instance more than ten years ago does not amount to “clear legislative intent” that it did not intend the same here.[5] To the extent that this “omission” illustrates that §4C 1/2 is potentially ambiguous, the legislative history of the Act makes clear that its retroactivity provision was intended to apply broadly. Fleet Nat’l Bank, 448 Mass. at 448. In particular, the emergency preamble of the Act specifically stated that its purpose was “to increase forthwith the statute of limitations in civil child sexual abuse cases.” On June 19, 2014, the date the Senate approved the Act, Senator William Brownsberger stated that it was “retroactive, [and] applies to all pending lawsuits or . . . incidents that have occurred at any time.” S. Journal, 188th Sen., Jun. 19, 2014. This language further indicates that the Legislature intended that §4C 1/2 apply retroactively, even in cases brought before its enactment.
This court is further convinced that the enactment of §4C 1/2 constitutes an “extraordinary circumstance” warranting relief because statutes of limitations are generally not considered “fundamental” or “natural” rights of parties. See Chase Sec. Corp., 325 U.S. at 314. Rather, the Supreme Court has noted that “statutes of limitation ‘are by definition arbitrary, and their operation does not discriminate between the just and the unjust, or the voidable and unavoidable delay.’ ” Adler, 790 F.Sup. at 1245, quoting Chase Sec. Corp., 325 U.S. at 314. “Legislation to alter such a technical defense, and its application even to dismissed cases, goes far less to the heart of the judicial function than would a legislative attempt to reverse adjudications which had addressed the true merits of the disputes in question.” Id., quoting Axel Johnson, Inc. v. Arthur Andersen & Co., 780 F.Sup. 476, 483 (S.D.N.Y. 1992). Harvard’s motion to dismiss was originally granted solely on the basis of a statute of limitations which no longer applies to similar causes of action. This court finds no justification to continue enforcing that limitation here.
B. Meritorious Claim or Defense
Harvard further contends that this court should not grant relief under Rule 60(b)(6) because Embry’s Amended Complaint does not state a meritorious or adequate claim for negligent supervision, and thus the relief sought would be futile. It is unclear how stringently this standard should be applied in the context of a Rule 60(b) motion. Nevertheless, even if the court conducted such an inquiry here, Embry’s complaint would still pass muster. To do so, this court must look beyond the legal allegations of the complaint, and consider whether the factual allegations therein plausibly suggest a basis for relief. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Lichoulas, 78 Mass.App.Ct. at 274.
Although Embiy’s Amended Complaint does not explicitly state a claim for negligent supervision, it does make specific legal and factual allegations that substantially state such a claim. In particular, Embry alleges that Merritt sexually abused him in the Harvard pool, locker room, and showers on approximately one hundred occasions; that Merritt sexually assaulted at least two other young boys in the swimming program; and that Merritt took numerous nude photographs of Embry in the Harvard locker room, showers, and pool. Am. Compl., at pars. 9-12. Embry saw nude pictures of other young boys that Merritt also took on the Harvard campus. Id. at par. 13. Finally, Embry states that “[d]uring the time he was trained by Merritt, [Embry] would often see other [Harvard] swim coaches, but was puzzled because they would not speak to him or the other boys, and they avoided looking at him.” Id. at par. 14.
Negligent supervision occurs “when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment.” Foster v. The Loft, Inc., 26 Mass.App.Ct. 289, 291 (1988), internal citation omitted. Embry’s contentions, if accepted as true, raise a plausible claim that Harvard, at the very least, should have known of the ongoing sexual abuse. See Iannacchino, 451 Mass. at 636. Embry’s allegations that Merritt took nude photographs of him and other *433 boys throughout Harvard swim facilities, and that Merritt sexually abused him on approximately one hundred occasions, raises a plausible inference that the sexual abuse occurred with frequency and in multiple locations throughout the Harvard campus. The fact that other coaches refused to speak to or look at Embry and Merritt’s other charges plausibly suggests that others on campus were aware of the abuse while it was ongoing. Thus, Embry has raised a plausible claim that Merritt’s abuse either was or should have been discoverable by Harvard. At the early pleading stages, before discovery, these plausible inferences are sufficient to suggest a basis for relief under a negligent supervision claim. See id.
ORDER
For the foregoing reasons, the Plaintiff’s Motion for Relief from Judgment Pursuant to Mass.R.Civ.P. 60(b) (Paper #14) is ALLOWED.

The discovery rule, which applies in situations where the plaintiff was unaware and could not have reasonably been made aware that the defendant’s conduct caused him harm, tolls the statute of limitations until the plaintiff discovers, or reasonably should have discovered, that he has been harmed or may have been harmed by the defendant’s conduct. See Phinney v. Morgan, 39 Mass.App.Ct. 202, 204 (1995) (applying discovery rule to tort actions arising out of child sexual abuse where defendant did not personally commit crime).

Harvard also argues that Embry’s Complaint does not explicitly state a claim for negligent supervision or that Harvard’s conduct “caused or contributed” to the alleged abuse, and thus §4C 1/2 is inapplicable. However, in his Amended Complaint, Embry alleges that Merritt was “negligently hired, trained, supervised and retained by the defendants.” Am. Compl., par. 1. A “complaint need not state the correct substantive theory of the case” so long as it alleges facts plausibly suggesting a legally viable clam. See Lichouias v. City of Lowell, 78 Mass.App.Ct. 271, 274 n.3 (2010), quoting Gallant v. Worcester, 383 Mass. 707, 709 (1981). As noted infra, this Court concludes that the factual allegations in Embry’s Amended Complaint raise a plausible claim for negligent supervision, and therefore §4C 1/2 is applicable.

This is distinguished from the general rule that “all statutes are prospective in their application” unless explicitly or implicitly stated otherwise. Fed. Natl Mortg. Ass’n v. Nunez, 460 Mass. 511, 516 (2011). This disparity can be explained by courts’ view of the statute of limitations defense as “a mere technical rule.” See Adler v. Berg Harmon Assocs., 790 F.Sup. 1235, 1243 (1992). Further, “the timeliness defense has never been considered a ‘fundamental right . . . [and] the history of pleas of limitation shows [statutes of limitation] to be good only by legislative grace and to be subject to a relatively large degree of legislative control.’ ” Id. at 1244-45, quoting Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 314 (1945).

The Massachusetts Supreme Judicial Court has noted in dicta that an earlier statute with identical wording expanding the statute of limitations for a particular cause of action was “retroactive.” See Kienzler v. Dalkon Shield Claimants Trust, 426 Mass. 87, 88 (1997). Although the procedural posture of that case is distinct from the instant case, it illustrates the broad range of language that the Legislature has used in the past to make statutes of limitations retroactive.