NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-966

KENNETH J. MEDEIROS & others[1]

vs.

CHRISTINE CESTODIO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2018, the plaintiffs, Kenneth, Lisa, and Brittany Medeiros, brought suit against the defendant, Christine Cestodio, in Superior Court, claiming breach of contract, fraudulent misrepresentation, and deceit.  The plaintiffs alleged that the defendant failed to repay their loans for various living expenses, including car insurance, groceries, and mortgage payments.  The defendant asserted numerous affirmative defenses and counterclaims.  Following a four-day bench trial in 2021, the trial judge allowed the plaintiffs' motion to conform the pleadings to the evidence and add counts of promissory

---

[1] Lisa Medeiros and Brittany L. Medeiros.  We note that a suggestion of death of one of the plaintiffs, Kenneth Medeiros, was filed in this matter.

estoppel and conversion. In written findings of fact and rulings of law, the judge concluded that judgment should enter in favor of the plaintiffs on their claims for breach of contract, fraudulent misrepresentation, promissory estoppel, and conversion and on all of the defendant's counterclaims.[2] Two judgments entered on April 6, 2022, awarding (1) all of the plaintiffs $12,629.44 in damages, prejudgment interest, and costs, and (2) Kenneth and Lisa Medeiros $206,059.94 in damages and prejudgment interest.[3]

The defendant filed a timely notice of appeal from these judgments, but did not prosecute that appeal or oppose the plaintiffs' motion to dismiss the appeal for lack of prosecution. Accordingly, her appeal was dismissed, and an execution on the judgment issued on December 20, 2022. On May 5, 2023, the defendant filed what she styled an "emergency motion for relief from judgment" pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). A second judge denied that motion, and the defendant did not appeal from that denial. On February 26, 2024, the defendant filed an "emergency motion for reconsideration." Because that motion also sought relief

---

[2] The judge dismissed the plaintiffs' claims for deceit as duplicative of their claims for fraudulent misrepresentation.

[3] A third judgment also entered dismissing the defendant's counterclaims. No issue is raised concerning the defendant's counterclaims.

pursuant to rule 60 (b) (2) and (3) on grounds of newly discovered evidence and fraud, we treat it as a second motion for relief from judgment. The second judge denied that motion, finding that "the defendant is simply continuing to engage in frivolous delay tactics to the significant prejudice of the plaintiffs." The defendant appeals now from that order.[4]

The judge did not abuse his discretion in denying the defendant's second motion for relief from judgment. See Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). "Rule 60 sets forth a comprehensive framework for obtaining relief from a final judgment or order, balancing the competing needs for finality and flexibility to be certain that justice is done in light of all the facts." Owens v. Mukendi, 448 Mass. 66, 71 (2006), quoting Sahin v. Sahin, 435 Mass. 396, 399-400 (2001). As part of that framework, "[m]otions under rule 60 (b) (1), (2), and (3) must be brought at least within one year of the challenged order." Department of Revenue v. W.Z., 412 Mass. 718, 721 n.4 (1992), citing Chavoor v. Lewis, 383 Mass. 801, 803 (1981). See Mass. R. Civ. P. 60 (b). Here, the defendant sought relief under rule 60 (b) (2), which allows for relief

---

[4] The defendant also filed a petition with the single justice of this court, pursuant to G. L. c. 231, § 118, first par. The single justice denied the petition because final judgment had entered. See Gibbs Ford, Inc. v. United Truck Leasing Corp., 399 Mass. 8, 10 (1987).

from final judgment for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial," and rule 60 (b) (3), which allows for relief from judgment in cases of "fraud . . . , misrepresentation, or other misconduct of an adverse party." Mass. R. Civ. P. 60 (b) (2), (3). Because the defendant did not file her second motion for relief from judgment until one year and ten months after final judgment entered, the judge did not have the power to grant her the relief she requested. Chavoor, supra at 803-804. The one-year time limit for moving for relief under these subsections of rule 60 (b) "cannot be extended." Id. at 803, citing Mass. R. Civ. P. 6 (b), 365 Mass. 747 (1974).

Furthermore, even if the defendant's second motion for relief from judgment had been timely, denial would still have been proper. The defendant did not submit any documents or exhibits to support her claims of newly discovered evidence, fraud, misrepresentation, or other misconduct. She only presented a self-serving affidavit asserting that, among other things, she was denied a fair trial, her attorneys had conflicts of interest, and the judge did not consider her physical and mental disabilities. She also contended, as she does in her briefs here, that the judge erred in finding an enforceable contract between the parties. The defendant, however, waived her right to challenge the final judgments by failing to

4

prosecute her initial appeal.  <u>Scheuer</u> v. <u>Mahoney</u>, 80 Mass. App. Ct. 704, 706 n.4 (2011).  Rule 60 (b) cannot be used as a substitute for the regular appeal process.  <u>Muir</u> v. <u>Hall</u>, 37 Mass. App. Ct. 38, 41 (1994).

<u>Order denying motion for reconsideration affirmed</u>.

By the Court (Meade, Hodgens & Toone, JJ.[5]),

Clerk

Entered:  May 29, 2025.

---

[5] The panelists are listed in order of seniority.