APPEALS COURT 
 
 JOSH ANYAOSAH vs. COPART OF CONNECTICUT, INC.

 
 Docket:
 24-P-821
 
 
 Dates:
 April 3, 2025 – October 24, 2025
 
 
 Present:
 Hand, Grant, & Wood, JJ.
 
 
 County:
 Norfolk
 

 
 Keywords:
 Contract, Misrepresentation. Damages, Negligent misrepresentation. Consumer Protection Act, Unfair or deceptive act. Practice, Civil, Motion to dismiss, Summary judgment, Correction of judgment, Review of interlocutory action.
 
 

      Civil action commenced in the Brookline Division of the District Court Department on May 2, 2022. 
     A motion to dismiss was heard by Maurice R. Flynn, III, J., and was reconsidered by him. 
Warren D. Hutchison for the defendant.
Jay Odunukwe, for the plaintiff, submitted a brief.
     WOOD, J.  The plaintiff, Josh Anyaosah, brought the underlying action against the defendant, Copart of Connecticut, Inc., for fraudulent misrepresentation, negligent misrepresentation, and unfair or deceptive trade practices in violation of G. L. c. 93A, § 9.  The defendant moved to dismiss the complaint, and, treating the motion as one for summary judgment, a judge of the District Court allowed summary judgment in favor of the defendant.  See Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974).  Fifty-six days later, following a hearing, the judge vacated his ruling on summary judgment.  The defendant appealed that decision to the Appellate Division of the District Court (Appellate Division).  The Appellate Division ruled that the judge had the power to vacate his summary judgment decision pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (rule 60 [b]), and dismissed the defendant's appeal as interlocutory.  The defendant appeals.  Because we agree with the Appellate Division that the judge had the authority to vacate his order, we dismiss the defendant's appeal as interlocutory, as required by Chavoor v. Lewis, 383 Mass. 801, 804 (1981).
     Background.  We briefly summarize the undisputed facts, reserving certain points for later discussion.  This dispute arises from the defendant's sale of a used car to the plaintiff.  The plaintiff purchased the car in an online auction hosted by the defendant, based on representations on the defendant's online auction site that the car "Run[s] and Drive[s]" and had "NORMAL WEAR."
     Before participating in the auction, the plaintiff had registered online with the defendant and agreed to an extensive list of terms and conditions.  Most relevant to this case, section II.I of the sales agreement provided, "[o]nce a vehicle is removed from [the defendant]'s premises it is accepted AS-IS, and under no circumstances will [the defendant] be liable for subsequent claims of damage or loss of any kind or nature whatsoever."
     After submitting the highest bid for the car, the plaintiff paid the defendant in full on January 18, 2022.  On January 28, an employee of the defendant sent the plaintiff an e-mail message, which stated, "This vehicle has arrived at our facility.  It does not run/drive as advertised.  Please let me know if you'd like us to reverse this sale."  The plaintiff read only the first line, "This vehicle has arrived at our facility."  He did not read the rest of the e-mail message.  He immediately responded, "Will send a driver to pick it up."
     The plaintiff had a tow truck driver pick up the car and deliver it to him.  The tow truck driver informed the plaintiff that the car did not run.  When the plaintiff inspected the car, he also discovered damage to the seats and, likely, to the car's frame.  He immediately demanded a refund.  The defendant refused, citing the terms and conditions.
     Allowing the defendant's motion to dismiss in a margin endorsement, the judge ruled, "Allowed after hearing.  The [plaintiff] agreed to purchase vehicle even after [defendant] told him that it did not run."  Judgment entered, and the plaintiff's subsequent notice of appeal led to a hearing on October 20, 2022, at which the judge reconsidered his allowance of summary judgment for the defendant, vacated that judgment, and restored the case to the docket.
     The defendant then appealed to the Appellate Division, without presenting a transcript of the October 20, 2022 hearing, but arguing that at the hearing the judge had stated that he "had made a mistake" in dismissing the complaint.  The Appellate Division dismissed the defendant's appeal as interlocutory.
     The defendant now seeks review in this court of the Appellate Division's order dismissing his appeal.  See G. L. c. 231, § 109.  The record appendix filed by the defendant contains no transcript of the August 25, 2022 hearing at which the judge initially allowed summary judgment, or the October 20, 2022 hearing at which the judge vacated the summary judgment.  The defendant certified that it did not intend to order a transcript of that hearing, and apparently did not do so.
     While we therefore have no verbatim record of what transpired at either of these hearings, and the docket does not reflect whether the judge (1) acted sua sponte in vacating the judgment or (2) based his decision to do so on his own "mistake," the parties appear to agree that each of these facts is true.  Where the parties' dispute is limited to the legal significance of the judge's actions, we accept their agreements on these two points.  See Wortis v. Trustees of Tufts College, 493 Mass. 648, 653 n.4 (2024) (accepting as true parties' agreement to substance of policy and handbook omitted from record where dispute on appeal was limited to legal significance of those documents).
     Discussion.  1.  Authority to vacate.  The defendant contends that the Appellate Division improperly dismissed its appeal because it incorrectly determined that the motion judge had the authority, sua sponte, to vacate the judgment entered after he allowed summary judgment in the defendant's favor.  The question is properly before us because the Supreme Judicial Court has held that when a party challenges a trial court's power to vacate a judgment, "what would otherwise be an interlocutory order is treated as an appealable final order" (citation omitted).  Chavoor, 383 Mass. at 804.  Specifically, in Chavoor, the Supreme Judicial Court stated:
"We conclude that when the appealing party contends that the District Court judge lacked power to grant a motion to vacate judgment under Mass. R. Civ. P. 60 (b) . . . and no relief is obtained from the Appellate Division, we may entertain an appeal to the extent necessary to determine whether the judge had power to grant the motion.  If the judge had such power, the interlocutory appeal must be dismissed without any inquiry on our part into the merits of the judge's decision to grant the motion.  If the judge did not have such power, the decision granting the motion must be vacated."  (Emphasis added.)
Id. at 805.  Although Chavoor concerned a judge's allowance of a motion under rule 60 (b) -- whereas here the parties agree that the judge acted under rule 60 (b), but without an underlying motion -- we do not see this distinction as significant to our analysis.  Here, as in Chavoor, the issue is the scope of the judge's power to vacate the judgment under rule 60 (b).  Specifically, we must decide whether the judge had the power to reconsider and vacate his summary judgment ruling sua sponte.  If so, we must dismiss the defendant's appeal "without any inquiry . . . into the merits of the judge's decision."  Id.
     The question of the judge's authority under rule 60 (b) appears to be a question of first impression in Massachusetts.  Rule 60 (b), like its Federal counterpart, provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . .  The motion shall be made within a reasonable time . . . ."  "In construing our rules of civil procedure, we are guided by judicial interpretations of the cognate Federal rule absent compelling reasons to the contrary or significant differences in content" (quotation and citation omitted).  Doe v. Senechal, 431 Mass. 78, 81 n.8, cert. denied, 531 U.S. 825 (2000).  The United States Courts of Appeals are divided on the question whether a judge has the authority to act sua sponte under Fed. R. Civ. P. 60 (b).
     The defendant argues that the words "on motion" in the rule establish that a prerequisite to rule 60 (b) relief is a motion from a party.  Two Federal circuit courts -- the Sixth and Tenth -- have adopted this view.  See United States v. Pauley, 321 F.3d 578, 581 (6th Cir.), cert. denied sub nom. Morrison v. United States, 540 U.S. 877 (2003); Dow v. Baird, 389 F.2d 882, 884-885 (10th Cir. 1968).  But this is clearly a minority position.
     A majority of Federal circuit courts –- the Second, Fourth, Fifth, Seventh, Eighth, and Ninth -- have held that "Rule 60 (b)'s 'on motion' language does not necessarily depriv[e] the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion" (quotation and citation omitted).  Bryant v. Woodall, 622 F. Supp. 3d 147, 152 (M.D.N.C. 2022).  See United States v. Jacobs, 298 F.2d 469, 472 (4th Cir. 1961).  See also Pierson v. Dormire, 484 F.3d 486, 491 (8th Cir. 2007); Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-352 (9th Cir. 1999); Simer v. Rios, 661 F.2d 655, 663 n.18 (7th Cir. 1981), cert. denied, 456 U.S. 917 (1982); McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962) (per curiam).  The Ninth Circuit has given a concise explanation for the majority position that a judge has the authority to reconsider a prior ruling sua sponte pursuant to Fed. R. Civ. P. 60 (b):
"The words of [Fed. R. Civ. P. 60 (b)] allow for either construction, and we conclude that the Fourth and Fifth Circuit position makes better practical sense.  The traditional definition of sua sponte is that the court acts of 'its own will or motion.'  Black's Law Dictionary 1424 (6th ed. 1990), so the words 'on motion' in Rule 60 (b) do not plainly exclude sua sponte repairs of mistakes and inadvertence."
Kingvision Pay-Per-View Ltd., supra at 352.
     The majority's position holds sway here.  As the Ninth Circuit explained,
"Mistakes can easily slip in, and work great injustice. . . .  Rule 1 says that the rules are to be construed to secure the 'just' determination of every action.  Justice is better served by letting a judge repair mistakes . . . in the fortunate circumstances where the judge happens to notice them."
Kingvision Pay-Per-View Ltd., 168 F.3d at 352.  We agree that under rule 60 (b), the judge had "the power to act in the interest of justice," id. at 351, quoting Jacobs, 298 F.2d at 472, sua sponte, to reconsider and vacate his original ruling granting summary judgment for the defendant.
     2.  Notice and reasonable time.  The defendant argues in the alternative, that, assuming the judge had the power to vacate his summary judgment ruling sua sponte, his decision to do so here was invalid because he did not do so "within a reasonable time," and he did not provide the parties adequate notice and an opportunity to be heard before taking any action.
     As to the defendant's claim that the judge did not act "within a reasonable time," the Supreme Judicial Court held in Chavoor, 383 Mass. at 805 n.4, that "[t]he question of reasonable time [under rule 60 (b) (6)] . . . is addressed solely to the judge's discretion."  Stated differently, the question goes to "the merits" of the judge's ruling; it does not bear on whether a judge has the power to act under rule 60 (b), which is the narrow focus of our review.  See id.
     As to the defendant's claim that the judge did not provide the parties adequate notice and an opportunity to be heard, we note that, because the defendant chose not to provide the transcripts of the hearings at which the judge allowed summary judgment and then vacated it, the record is inadequate to address the defendant's claim.  See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  As we have explained, we accept the parties' representation that the judge vacated the judgment sua sponte and that he did so "to correct what he perceive[d] to be a 'mistake' in [his] prior order."  Even making these assumptions, however, we cannot discern, from this record, any basis for the claim that the parties lacked adequate opportunity to be heard on the issue.  Accordingly, even if the defendant's claim goes to the judge's power to grant relief rather than the merits of his exercise of discretion -- an issue we do not decide -- the claim would be waived.  See Shawmut 
Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992).
 
Appeal dismissed.